Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> GRAMERCY GLOBAL ENTERTAINMENT, LLC, <br><br> *Defendant.* | Case No.: 2:23-cv-4804 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc., for its Complaint against Defendant Gramercy Global Entertainment, LLC doing business as TheBlast.com, alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff BackGrid*

2. Plaintiff BackGrid is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

1
COMPLAINT

3. BackGrid is a global premier celebrity news and photo agency that provides the world's news outlets with real-time content from the top photographers. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Defendant*

6. On information and belief, defendant Gramercy is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Burbank, California.

7. On information and belief, Gramercy owns, operates, or is responsible for the content of the website theblast.com.

*Personal Jurisdiction and Venue*

8. This Court has personal jurisdiction over Gramercy because Gramercy's principal place of business is in Burbank, California, such that it can be said to be "at home" here.

9. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

**BACKGROUND FACTS**

*The Copyrighted Photographs*

10. BackGrid is the owner and copyright holder of 62 photographic images (the "Images") as follows:

11. Image 1 depicts musical artist Rihanna in a blue skirt and top and a blue hat. Image 1 was registered with the U.S. Copyright Office as Reg. No. VA 2-300-985 (eff. Apr. 29, 2022).

12. Images 2a through 2c are three photos that depict actor Daniel Radcliffe on the set of a movie as Weird Al Yankovich. Images 2a through 2c were registered with the U.S. Copyright Office as Reg. No. VA 2-302-107 (eff. May 18, 2022).

13. Images 3a through 3m are 13 photos that depict actors Julianne Hough and Tyler Hoechlin filming a movie on the beach. Images 3a through 3m were registered with the U.S. Copyright Office as Reg. No. VA 2-087-385 (eff. Jan. 9, 2018).

14. Image 4 depicts actress Nikola Peltz holding hands with her husband Brooklyn Beckham. Image 4 was registered with the U.S. Copyright Office as Reg. No. VA 2-324-339 (eff. Apr. 25, 2019).

15. Images 5a and 5b are two photos that depict actors Kate Beckinsale and Pete Davidson in a car with her parents. Images 5a and 5b were registered with the U.S. Copyright Office as Reg. No. VA 2-148-608 (eff. Apr. 25, 2019).

16. Image 6 depicts celebrity Khloe Kardashian on the beach with a bandage on her face. Image 6 was registered with the U.S. Copyright Office as Reg. No. VA 2-323-681 (eff. Oct. 10, 2022).

17. Image 7 depicts Prince Harry and Meghan Markle getting off an aircraft. Image 7 was registered with the U.S. Copyright Office as Reg. No. VA 2-208-571 (eff. May 15, 2020).

18. Image 8 depicts actors Zendaya and Tom Holland walking together. Image 8 was registered with the U.S. Copyright Office as Reg. No. VA 2-311-779 (eff. July 19, 2022).

19. Images 9a and 9b are two photos depicting actor Brad Pitt and influencer Ines de Ramon on vacation. Images 9a and 9b were registered with the U.S. Copyright Office as Reg. No. VA 2-339-332 (eff. Feb. 23, 2023).

20. Image 10 depicts comedian Amy Schumer on an ocean beach. Image 10 was registered with the U.S. Copyright Office as Reg. No. VA 2-248-156 (eff. Mar. 29, 2021).

21. Image 11 depicts a smiling man in a backwards cap holding a microphone. Image 11 was registered with the U.S. Copyright Office as Reg. No. VA 2-264-511 (eff. Aug. 9, 2021).

22. Image 12 depicts actor Kevin Hart's wife and children on a beach. Image 12 was registered with the U.S. Copyright Office as Reg. No. VA 2-228-292 (eff. Nov. 12, 2020).

23. Images 13a and 13b are two photos depicting Hailey Bieber wearing a Snoop t-shirt. Images 13a and 13b were registered with the U.S. Copyright Office as Reg. No. VA 2-234-655 (eff. Mar. 19, 2019).

24. Image 14 depicts actress Megan Fox with her partner Machine Gun Kelly. Image 14 was registered with the U.S. Copyright Office as Reg. No. VA 2-234-655 (eff. Dec. 23, 2020).

25. Image 15 depicts actor Leo Dicaprio getting hit in the face with a volleyball. Image 15 was registered with the U.S. Copyright Office as Reg. No. VA 2-196-541 (eff. Jan. 28, 2020).

26. Images 16a through 16g are seven photos depicting musical artist Britney Spears leaving a hotel in a red dress. Images 16a through 16g were registered with the U.S. Copyright Office as Reg. No. VA 2-155-459 (eff. June 7, 2019).

27. Image 17 depicts musical artist Ye (formerly known as Kanye West). Image 17 was registered with the U.S. Copyright Office as Reg. No. VA 2-102-546 (eff. May 9, 2018).

28. Images 18a and 18b are two photos depicting Justin Bieber and his wife Hailey Bieber. Images 18a and 18b were registered with the U.S. Copyright Office as Reg. No. VA 2-140-888 (eff. Feb. 27, 2019).

29. Images 19a and 19b are two photos depicting Madison Beer in jean shorts and a print top. Images 19a and 19b were registered with the U.S. Copyright Office as Reg. No. VA 2-165-199 (eff. July 24, 2019).

30. Image 20 depicts a wrecked car belonging to comedian Kevin Hart. Image 20 was registered with the U.S. Copyright Office as Reg. No. VA 2-185-864 (eff. Nov. 24, 2019).

31. Image 21 depicts actress Ashley Tisdale with two small dogs. Image 21 was registered with the U.S. Copyright Office as Reg. No. VA 2-202-082 (eff. Apr. 10, 2020).

32. Image 22 depicts musical artist Cardi B with Offset. Image 22 was registered with the U.S. Copyright Office as Reg. No. VA 2-212-330 (eff. July 31, 2020).

33. Image 23 depicts Khloe Kardashian in a pinstripe wrap blazer. Image 23 was registered with the U.S. Copyright Office as Reg. No. VA 2-205-592 (eff. Apr. 24, 2020).

34. Image 24a and 24b are two photos depicting Kourtney Kardashian in a brown leather outfit. Images 24a and 24b were registered with the U.S. Copyright Office as Reg. No. VA 2-205-485 (eff. May 4, 2020).

35. Image 25a and 25b are two photos depicting Miley Cyrus in red leather pants and a white top. Images 25a and 25b were registered with the U.S. Copyright Office as Reg. No. VA 2-205-531 (Apr. 29, 2020).

36. Image 26 depicts Kim Kardashian in a brown leather outfit. Image 26 was registered with the U.S. Copyright Office as Reg. No. VA 2-206-497 (eff. May 6, 2020).

37. Image 27 depicts Kim and Kourtney Kardashian in brown leather outfits. Image 27 was registered with the U.S. Copyright Office as Reg. No. VA 2-208-434 (eff. May 29, 2020).

38. Image 28 depicts Madison Beer in a blue outfit with sequins and feathers. Image 28 was registered with the U.S. Copyright Office as Reg. No. VA 2-206-495 (eff. May 6, 2020).

39. Image 29 depicts Cardi B with a bouquet of flowers. Image 28 was registered with the U.S. Copyright Office as Reg. No. VA 2-219-475 (eff. Sept. 18, 2020).

40. Image 30 depicts Ireland Baldwin and Corey Harper at the beach. Image 30 was registered with the U.S. Copyright Office as Reg. No. VA 2-219-758 (eff. Sept. 24, 2020).

41. Image 31 depicts an ambulance at a home belonging to Ye. Image 31 was registered with the U.S. Copyright Office as Reg. No. VA 2-227-131 (eff. Oct. 22, 2020).

42. Image 32 depicts Kim Kardashian crying in a car with Ye. Image 32 was registered with the U.S. Copyright Office as Reg. No. VA 2-227-355 (eff. Oct. 23, 2020).

43. Image 33a and 33b are two photos depicting Sommer Ray in a black mini dress. Images 33a and 33b were registered with the U.S. Copyright Office as Reg. No. VA 2-227-795 (eff. Dec. 11, 2020).

44. Image 34 depicts Gisele Bunchen and friend riding horses. Image 34 was registered with the U.S. Copyright Office as Reg. No. VA 2-349-245 (eff. Apr. 24, 2023).

45. The copyright in each of the Images was registered within 90 days of first publication of the Imgaes.

///

*The Infringements*

46. BackGrid never licensed the Images to defendant. Nevertheless, defendant used the Images without authorization or permission to do so.

47. Defendant or its agents copied each of the Images from Internet sources—on information and belief including legitimate licensees of BackGrid, defendant's competitors—stored the Images on its servers, and displayed the Images by using them to illustrate numerous articles on its website, www.theblast.com.

48. Defendant's unauthorized uses of some of the BackGrid Images continued and was ongoing at the time the initial complaint was filed.

*Defendant's Infringements Harmed BackGrid*

49. The Images are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, BackGrid stood to gain revenue from licensing them.

50. But defendant's unauthorized use of the Images harmed the existing and future market for the Images. Defendant's website posts made the Images immediately available to its millions of followers and to the public, including consumers of entertainment and fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BackGrid's customers.

51. Defendant's unauthorized use of the Images also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who compete with defendant and, unlike defendant, pay large license fees for

celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

52. BackGrid sold and offered for sale many of the Images on an Exclusive or Premium Exclusive basis, meaning that they depict celebrities or situations that are in high demand, or they are the only photographs available of a specific celebrity and situation in the world (because no other photographers were present at the time the photographs were taken), or both. For those reasons, Exclusive and Premium Exclusive Images command a higher licensing fee and are more valuable.

53. In addition, defendant's unauthorized uses of the Images are commercial in nature. Defendant uses in-demand content about popular celebrities to attract and drive users to its website, where defendant derives revenue from advertisements.

54. Indeed, on information and belief, defendant specifically posted the Images on Instagram to attract users to its website. On information and belief, defendant knew that because of the Images' depictions of popular celebrities, users would be attracted to view the Images and thus more likely to frequent its website.

55. As a media company, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

**(For Copyright Infringement, 17 U.S.C. § 501)**

56. Plaintiff realleges and incorporates by reference the allegations

contained in the preceding paragraphs of this Complaint as if fully set forth here.

57. Plaintiff is the authors and or/copyright owners of the protected Images named above in this Complaint.

58. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

59. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

60. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

61. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

62. Having timely registered his copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

63. Plaintiff alleges, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

64. In the alternative, plaintiff is entitled to recovery of their actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

65. Within the time permitted by law, plaintiff will make their election between actual damages and profit disgorgement, or statutory damages.

66. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Images;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

# JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: June 19, 2023      Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By: ⎯⎯/s/ Peter Perkowski⎯⎯⎯⎯
Peter E. Perkowski

Attorneys for Plaintiff
BACKGRID USA, INC.